**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Nicole Yvette VAN TREASE,**
**Defendant—Appellant.**

**No. 07–10020.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2008.*

Filed May 16, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Ellman, Esq., Thomas S. Dougherty, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Mario Valencia, Henderson, NV, for Defendant–Appellant.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

MEMORANDUM **

Nicole Van Trease ("Van Trease") appeals her conviction and sentence for conspiracy, health care theft and bank fraud in violation of 18 U.S.C. §§ 2, 371, 669 & 1344. We affirm.

Because Van Trease did not object to the jury instructions, move for acquittal, or object to the sentencing enhancements of which she now complains, her claims are reviewed for plain error. *United States v.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ Van Trease contends there was insufficient evidence that she embezzled or stole money from her employer, Nevada Pacific Dental, Inc. ("Nevada Pacific"), within the meaning of 18 U.S.C. § 669. Although styled as a challenge to sufficiency of the evidence, Van Trease seems to be actually challenging the way the district court defined the elements of § 669 in the jury instructions. Van Trease argues that "steals" in § 669 is the equivalent of common law larceny and that there was insufficient evidence of its required element, trespass.

However, "steals" is not a term of art with an accepted common law meaning, *United States v. Maloney,* 607 F.2d 222, 229 (9th Cir.1979), and is generally broader than larceny, being used to describe any dishonest act to deprive another of property, *see United States v. Turley,* 352 U.S. 407, 414–17, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957). The court thus properly instructed the jury and there was sufficient evidence that Van Trease "stole" money from Nevada Pacific by submitting the false claims and then taking the money for her own use.[1]

■ Van Trease also contends the district court erred by instructing the jury it had to find she acted with the intent to injure or defraud the health care entity. Even if this instruction was not required by the language of § 669, the error, if any, was actually in Van Trease's favor. She cannot show she was prejudiced by requiring the government to prove more about her state of mind than the statute requires.

Likewise, the court may have unnecessarily narrowed the instruction by instructing the jury it needed to find she was "employed by an entity that provided medical services for which payment was made under a public health care benefit plan." Because the definition of "health care benefit program" is actually much broader, the government was not actually required to prove Van Trease was employed by the entity, that the entity was public, or that it provided medical "services" (as opposed to other medical benefits). 18 U.S.C. § 24(a). Nonetheless, any error was again in Van Trease's favor, and she cannot show that the error affected her substantial rights, as it is even more likely the jury would have convicted her if the instruction had been broader.

■ The district court did not plainly err by applying a two-level enhancement for obstruction of justice. Although the district court's findings on perjury are somewhat perfunctory, the court sufficiently covered the basic factual predicates for perjury. *See United States v. Oplinger,* 150 F.3d 1061, 1070–71 (9th Cir.1998). There is ample evidence to support the enhancement in the record, and any lack of precision in the district court's articulation of the perjury elements did not affect Van Trease's substantial rights.

■ Nor did the district court plainly err by applying the abuse of trust enhancement. Van Trease's position gave her unique access to Nevada Pacific's client identification numbers and dentist

---

1. Van Trease's reliance on *United States v. Jones,* 471 F.3d 478 (3d Cir.2006) is misplaced. In *Jones,* the government failed to prove an element of health care *fraud* under 18 U.S.C. § 1347, *i.e.,* that Jones had used "false or fraudulent pretenses, representations or promises." *Id.* at 481–83. Even if the government could have established that element in this case and prosecuted Van Trease under § 1347, this does not necessarily mean there was insufficient evidence she committed health care *theft* under § 669. *See United States v. Edmonson,* 792 F.2d 1492, 1497 (9th Cir.1986).

billing numbers, as well as the ability to cause checks to be issued, which enabled her to falsify claims and conceal the offense for nearly two years. *Cf. United States v. Peyton,* 353 F.3d 1080, 1091 (9th Cir.2003) (postal worker supervisor had access to names and social security numbers of other postal workers, enabling her to commit fraud in their names).

Van Trease's claim of ineffective assistance of counsel is inappropriate for review on direct appeal because there is an incomplete record of "what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003). Contrary to her assertion, her legal representation was not so inadequate that it obviously denied her the Sixth Amendment right to counsel. *See id.* We, therefore, deny her claim without prejudice to bringing a proper collateral attack, except to the extent her claims of attorney error are foreclosed by our decision on the foregoing issues.

AFFIRMED.